**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| **Traniqua Montgomery**, | |
| Plaintiff, | Case No. |
| v. | |
| **Navient Solutions, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Traniqua Montgomery** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Navient Solutions, Inc.** (Defendant):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that the United States district courts have federal-question subject-matter jurisdiction under 28 U.S.C. § 1331 to hear private civil suits under the TCPA).

3.      This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Illinois and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Illinois.

1

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Chicago, Illinois 60064.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 123 Justison Street, Wilmington, Delaware 19801.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number.

11.     Plaintiff has only used this phone number as a cellular telephone.

12.     Beginning around early 2014 and continuing through around January 2018, Defendant repeatedly called Plaintiff on her cellular telephone regarding a student-loan debt.

13.     Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14.     Plaintiff knew that Defendant's calls were automated calls as the calls would start with a prerecorded or automatically-generated message and/or a pause or delay before being connected with Defendant's live representatives.

15.     Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

16.     In or around June 2014, Plaintiff told Defendant she did not wish to be contacted.

2

17. On subsequent calls through January 2018, Plaintiff repeated her instruction to Defendant not to call.

18. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

19. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff multiple times per week through January 2018.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure, especially when Defendant would contact Plaintiff while in the midst of performing her work-related obligations.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone absent an affirmative defense. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated repeated calls to Plaintiff's cellular telephone.

24. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

25. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

26. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent, especially after she informed it in June 2014 she no longer wished to be contacted.

27.     Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

28.     Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

29.     The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

30.     When Defendant called Plaintiff from around early 2014 through around January 2018, it knew no later than Plaintiff's instruction to stop calling in around June 2014 that it did not have prior express consent to call Plaintiff.

31.     Defendant's violation of the TCPA was therefore either willful or knowing starting from the date of Plaintiff's first instruction to stop calling.

32.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to an award of statutory, actual and treble damages.

**Wherefore**, Plaintiff, **Traniqua Montgomery**, respectfully prays for judgment as follows:

a.      All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.      Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

4

d.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e.      Any other relief this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**Please take notice** that Plaintiff, **Traniqua Montgomery**, demands a jury trial in this case.

Respectfully submitted,

Dated: 5/2/18

By: _s/ Amy L. Bennecoff Ginsburg_
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com